Michael J. DiMattia (MJD 0438)
Philip A. Goldstein (PAG 0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

'08 CIV 6865

RECEIVED
JUL 31 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

MARLON HATTIMORE

           Plaintiff,

    v.

GENERAL NUTRITION CORPORATION, NEIL
BLITZER (INDIVIDUAL AND IN OFFICIAL
CAPACITY),

           Defendants.

-------------------------------------------------------------- X

Case No. ___ Civ. 3041763/2008

**NOTICE OF REMOVAL**

08 JUL 31 PM 4:35
COUNTY CLERK
BRONX COUNTY

RECEIVED

TO THE CLERK OF THE COURT:

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and

1446, General Nutrition Centers, Incorporated, erroneously named herein as General Nutrition

Corporation ("Defendant General Nutrition Centers"), by and through its attorneys, removes to

this Court the action described below:

      1.     Plaintiff has filed two separate lawsuits alleging discrimination based on his

former employment with Defendant General Nutrition Centers. Plaintiff first filed a lawsuit in

federal court alleging federal claims of discrimination. Plaintiff then filed suit in state court,

alleging state law claims virtually identical to those in the federal lawsuit. Plaintiff's state

complaint mirrors the allegations made in his federal complaint. Both lawsuits are based on the

same set of facts, include the same substantive allegations and will involve common questions of

law and fact. This Court therefore has supplemental jurisdiction over Plaintiff's state law claims.

\6455152.1

2.      On or about June 6, 2008, Plaintiff Marlon Hattimore ("Plaintiff") filed a

summons and complaint in the Supreme Court of the State of New York, County of the Bronx,

Index No. 08-304763, entitled Marlon Hattimore v. General Nutrition Corporation, Neil Blitzer

(Individual and in Official Capacity).  (Copies of the summons and complaint are attached hereto

as Exhibit A).  The summons and complaint were served on Defendant General Nutrition

Centers via certified mail on July 1, 2008.  (Exhibit A)

3.      Plaintiff Marlon Hattimore is a plaintiff in a lawsuit currently pending against

Defendant General Nutrition Centers in the United States District Court for the Southern District

of New York, no. 08-civ-3577, entitled, Kenroy Richmond, Samuel Warkie, Prince R. Siaw and

Marlon Hattimore v. General Nutrition Centers Inc. and Neal Blitzer.  (Copies of the summons

and complaint are attached hereto as Exhibit B). Plaintiff's federal action was filed on April 14,

2008, alleging employment discrimination claims based on Title VII of the Civil Rights Act of

1964, 42 U.S.C. 2000e *et seq.*, The Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*, and New

York state law. (Exhibit B, p. 6-9)  Plaintiff concedes that federal jurisdiction is proper in the

federal action pursuant to 28 U.S.C. § 1331. (Exhibit B, p. 3)

4.      Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending."

5.      Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution."

2

6.     This Court has supplemental jurisdiction over the claims in Plaintiff's state action because those claims form part of the same case or controversy as Plaintiff's federal action. Plaintiff's state complaint alleges that plaintiff experienced "numerous instances of discrimination," and that Defendant General Nutrition Centers paid white employees more money than plaintiff. (Exhibit A, p. 3)  Likewise, the federal complaint alleges "Black and foreign-born employees at GNC are targeted for lower pay, menial work, limited responsibilities, harassment and humiliation, limited promotion opportunities, and wrongful discharge." (Exhibit B, p. 1)  Both actions allege violations of New York state anti-discrimination laws. (Exhibit A, p. 5-6, Exhibit B, p. 9)  Therefore, Plaintiff's state and federal actions form part of the same case or controversy, and this Court has supplemental jurisdiction over plaintiff's state law claims.

7.     This Notice of Removal is timely filed.  Under 28 U.S.C. § 1446(b), the Notice of Removal is to be filed within thirty days of receipt of the initial pleading setting forth the claim. Defendant General Nutrition Centers received the summons and complaint by certified mail on July 1, 2008.  Therefore, removal is timely as Defendant General Nutrition Centers was served less than thirty days before the date of removal.

8.     Defendant General Nutrition Centers will cause notice of this removal to be filed with the Supreme Court of the State of New York, County of the Bronx.  A copy of Defendant General Nutrition Centers' Notice of Notice of Removal to Federal Court is attached hereto as Exhibit C.

3

Dated: New York, New York
     July 31, 2008

McGUIREWOODS LLP

By: _____

Michael J. DiMattia (MJD 0438)
Philip A. Goldstein (PAG 0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2167
Attorneys for Defendant General Nutrition
Centers, Inc.

4

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF THE BRONX**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MARLON HATTIMORE                                   :      Index No. 304763-08

              **Plaintiff**                              :

        **- against -**                               :      **SUMMONS**

GENERAL NUTRICTION CORPORATION,           :
NEIL BLITZER (INDIVIDUAL AND IN
OFFICIAL CAPACITY)                                 :

            **Defendant.**          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To the above named defendants:

    You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is the residence of plaintiff which is:

              707 E. 187th Street
                 Apt. #12
             Bronx, NY 10458

Dated:

                        Delmas A. Costin, Jr.
                        Attorney for Marlon Hattimore
                        208 E. 163rd Street
                        Bronx, NY 10451
                        (347) 326-8438

BRONX COUNTY
COUNTY CLERK
08 JUL -6 PM 2:11

RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:  Index No.:

:

MARLON HATTIMORE    :

:

           Plaintiff    :    **COMPLAINT**

:

      - against -    :

:

GENERAL NUTRICTION CORPORATION,    :
NEIL BLITZER (INDIVIDUAL AND IN    :
OFFICIAL CAPACITY)    :

:

           Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    MARLON HATTIMORE, by and through his counsel, DELMAS A. COSTIN, JR. as and for her complaint, alleges as follows:

### PRELIMINARY STATEMENT

1.   This is an action for discrimination based on race and color, defamation, in violation of New York State Executive Law §296 and the common law. Defendants General Nutrition Corporation ("GNC") and Neil Blitzer (collectively "defendants") discriminated against their former employee Marlon Hattimore. Defendants subsequently defamed Mr. Hattimore by stating that was terminated and engaged illegal activity including theft of GNC property. Plaintiff, Mr. Hattimore was terminated by his employer GNC

### PARTIES

2.   Plaintiff, Marlon Hattimore worked for GNC from June 2004 through April 2006, when he was removed from his employment duties by defendants. Plaintiff was promoted to manager in September 2005. Plaintiff currently resides in Bronx

County.

3.  At all relevant times, plaintiff was an "employee" of GNC within the meaning of the New York State Human Rights Law. Plaintiff worked in GNC stores located in the New York State.

4.  Plaintiff is a Black male.

5.  Defendant GNC is a foreign business corporation engaged in the sale of nutritional supplements. Defendant has, and at all relevant times had, its principal place of business at 300 6th Avenue, Pittsburgh, PA 15222.

6.  Defendant Neil Blitzer is, upon information and belief a male citizen currently residing in Dutchess County, New York. At all times relevant herein, Blitzer has been employed by GNC, more recently as its regional manager.

7.  As plaintiff's supervisor during his employment at GNC, Blitzer had the power to make personnel decision regarding plaintiff's employment. Blitzer has also aided and abetted the unlawful conduct described herein.

### JURISDICTION AND VENUE

8.  This Court has personal jurisdiction over GNC because it is doing business in this jurisdiction.

9.  This Court has personal jurisdiction over Blitzer because, upon information and belief, he is a New York citizen.

10. This Court has subject matter jurisdiction over this action by virtue of New York Human Rights Law, N.Y. Executive Law §§290 et seq.

11. Venue is proper before this Court because plaintiff currently resides in Bronx County.

2

## FACTS

12. On June 24, 2004 plaintiff was hired to work in GNC as a sales associate in the New Rochelle GNC.

13. On May 29, 2005, Blitzer promoted plaintiff to work as a manager trainee in the Port Chester store.

14. Only one person worked in the Port Chester store with plaintiff. Shortly after plaintiff arrived in the Port Chester store, the other employee was terminated.

15. Plaintiff worked approximately 7 days a week for approximately 5 months shortly after arriving in the Port Chester Store.

16. On September 18, 2005, plaintiff was rewarded for his hard work by being promoted to Manager of the Port Chester store.

17. By April 2006, Will Batista had been hired by GNC, assigned to work at the Port Chester Store and authorized to open the Port Chester store.

18. During April 2006, Blitzer terminated plaintiff from GNC.

19. At that time Blitzer stated that plaintiff failed to open the Port Chester store, which was plaintiff's responsibility.

20. William Batista was assigned to open the Port Chester store on the day in question.

21. Defendant failed to pay plaintiff his wages earned including vacation pay.

22. Plaintiff experienced numerous instances of discrimination due to defendants' actions. By way of example, plaintiff endured the following unlawful employment practices:

23. White employees who plaintiff supervised made more money than plaintiff.

3

24. Plaintiff was repeatedly forced to terminate Black employees he hired to work in his store.

25. A white employee succeeded plaintiff. That employee was not able to match the financial success of plaintiff.

26. Blitzer made racist and derogatory comments in front of other GNC managers.

27. Plaintiff was told by a Regional Sales Director named Jennifer, that he would be rehired, but that she needed to confer with Blitzer.

28. Upon information and belief, Jennifer spoke with Blitzer and failed to return plaintiff's telephone calls or offer him a position with GNC.

### Defamation

29. Defendants defamed plaintiff's character by stating in a letter dated June 21, 2007 addressed to EEOC, that "In April 2006, Mr. Hattimore was scheduled for an opening shift yet failed to pen the store on time. In fact, the store opening approximately 2 hours late. According to GNC's disciplinary guidelines, the late opening of the store resulted in immediate termination. Rather than being discharged, Mr. Hattimore instead resigned his position effective immediately."

30. Plaintiff states that the above statement defames his character.

31. Upon information and belief defendant Blitzer told GNC employees that plaintiff had robbed the Port Chester store and that over $4,000.00 worth of merchandise was missing.

32. Upon information and belief, defendant Blitzer told GNC employees that Hattimore was terminated for opening up the Port Chester store.

33. Upon information and belief, defendant Blitzer told GNC employees that plaintiff

was consistently late.

### Emotional Distress

34. As a result of defendants' unlawful discrimination, plaintiff suffered severe mental anguish, emotional distress and loss of enjoyment of life and has incurred damages thereby.

35. This complaint is timely filed within 3 years of the actions alleged in this complaint.

### FIRST CAUSE OF ACTION – DISCRIMINATION BASED ON RACE DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. Defendants' actions violate NYSHRL, Exec. Law §296(1).

38. Defendants' disparate treatment of plaintiff including denial of benefits on the basis of his race was in violation of the New York State Human Rights Law.

39. As a result of the foregoing, Plaintiff has lost wages, been denied benefits, has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

40. As a further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to her good name and reputation by defendants.

41. As a further proximate result of defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

5

## SECOND CAUSE OF ACTION – DISCRIMINATION BASED ON COLOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

43. Defendants' actions violate NYSHRL, Exec. Law §296(1).

44. Defendants' disparate treatment of plaintiff including denial of benefits on the basis of his color was in violation of the New York State Human Rights Law.

45. As a result of the foregoing, Plaintiff has lost wages, been denied benefits, has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

46. As a further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to her good name and reputation by defendants.

47. As a further proximate result of defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

### THIRD CAUSE OF ACTION – FAILURE TO PAY WAGES

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

49. Defendant failed to pay plaintiff wages earned up to the point of termination including vacation pay.

50. Defendant's willful failure and refusal to pay plaintiff's wages, bonus, and/or benefits due and owing to plaintiff is a violation of the New York Labor Law.

6

51. As a result of the foregoing, plaintiff has been denied wages, benefits, and bonuses, and has incurred damages thereby.

## FOURTH CAUSE OF ACTION – DEFAMATION

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

53. As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, including loss of self-esteem, personal dignity and career fulfillment; plaintiff has also experienced physical distress which originated from the aforesaid mental suffering. Plaintiff has confronted great inconvenience, indignity and risk, including but not limited to a loss of his livelihood, and a loss of his ability to meet various financial obligations. Thus, plaintiff was inhibited and prevented from enjoying life, and was forced to undergo emotion injury which he will continue to experience in the future.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff hereby requests and realleges each allegation contained in paragraphs 1 through 69, as if fully set forth herein.

55. Defendants repeatedly denied her requests for continued payment of her medical insurance, talked about her medical situation in public, and laughed at her when she attempted to secure medical benefits.

7

56. As a result of the foregoing egregious conduct, Plaintiff has suffered severe emotional distress and has incurred damages thereby.

## SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff hereby requests and realleges each allegation contained in paragraphs 1 through 72, as if fully set forth herein.

58. As a result of the foregoing egregious conduct, Plaintiff has suffered severe emotional distress and has incurred damages thereby.

## SEVENTH CAUSE OF ACTION
## PRIMA FACIE TORT

59. Plaintiff hereby alleges each allegation contained in paragraphs 1 through 74, as if fully set forth herein.

60. As a result of the foregoing malevolent conduct Plaintiff has suffered harm, and has incurred actual and special damages thereby.

WHEREFORE, Ms. Marlon Hattimore demands judgment against defendants GNC and Blitzer, as follows:

A. An award to plaintiff of his actual damages in an amount to be determined at trial for loss of wages, benefits and promotional opportunities, including an award of front pay compensation plaintiff for loss of future salary and benefits;

B. Declare defendants' conduct complained of herein to be in violation of plaintiff's rights as secured by N.Y. Exec. Law §290 et seq. and the common

law;

C. An award of damages in an amount not less than $1,000,000.00 to compensate plaintiff for physical injury, mental anguish, humiliation, embarrassment and emotional injury;

D. An award of special damages in an amount not less than $1,000,000.00 for loss of compensation and financial harm;

E. An award of punitive damages;

F. An award to plaintiff of his actual damages in an amount not less than $1,000,000.00 for lost wages, benefits and other remuneration;

G. An award of liquidated damages in the amount of twenty-five percent of the total amount due;

H. An order enjoining defendant from further publication of the defamatory statements;

I. The costs of the action and reasonable attorney's fees to the fullest extent permitted by law;

J. Such other and further relief as this Court may deem just and proper.

Date: _June 3 2008_
Bronx, NY

Delmas A. Costin, Jr.
Attorney for Marlon Hattimore
208 E. 163rd Street
Bronx, NY 10451
(347) 326-3848

9

STATE OF NEW YORK

COUNTY OF THE BRONX


Marlon M. Hattimore, being duly sworn, states that he is the plaintiff in this action and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes to be true.


Marlon M. Hattimore


Sworn to before me this

3 day of ____, 2008.


NIK UJKAJ
NOTARY PUBLIC, State of New York
No. 01UJ6021096
Qualified in Westchester County
Commission Expires 3/8/11

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

MARLON HATTIMORE,
           **Plaintiff**

- against –

GENERAL NUTRITION CORPORATION, NEIL BLITZER (INDIVIDUAL AND IN
OFFICIAL CAPACITY)
                                            **Defendants.**

## SUMMONS AND VERIFIED COMPLAINT

## THE LAW OFFICE OF DELMAS A. COSTIN, JR.
*Attorney for Marlon Hattimore*
**208 E. 163rd Street**
**Bronx, NY 10451**
**(347) 326-8438**

# EXHIBIT B

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

|  Southern | District of | New York |

KENROY RICHMOND, SAMUEL WARKIE,
PRINCE R. SIAW AND MARLON HATTIMORE

**SUMMONS IN A CIVIL ACTION**

V.

GENERAL NUTRITION CENTERS INC. AND
NEAL BLITZER

CASE NUMBER:

# 08 CIV. 3577

TO: (Name and address of Defendant)

GENERAL NUTRITION CENTERS INC. & NEAL BLITZER
300 Sixth Avenue
Pittsburgh, PA 15222

**JUDGE SWAIN**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

DARYL DAVIS
DOMAN DAVIS LLP
245 Park Avenue, 24th Floor
New York, NY 10167

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 4 2008

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
　　　　　　　　　Date　　　　　　　　Signature of Server


_____
Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| KENROY RICHMOND, SAMUEL WARKIE, | ) | |
| PRINCE R. SIAW AND MARLON | ) | |
| HATTIMORE | ) | |
| **Plaintiffs,** | ) | 08 Civ. ( ) |
| | ) | **JUDGE SWAIN** |
| v. | ) | 08 CIV. 3577 |
| | ) | **COMPLAINT** |
| GENERAL NUTRITION CENTERS INC. | ) | |
| AND NEAL BLITZER | ) | |
| **Defendants.** | ) | |
| | ) | **(Jury Trial Demanded)** |
| | ) | |

FILED

APR 1 4 2009

USDC WP SDNY

Plaintiffs allege, through their attorneys at Doman Davis LLP, that:

**NATURE OF THE ACTION**

1. General Nutrition Centers Inc. ("GNC") is the world's largest specialty retailer of nutritional, dietary, and performance supplements. It sells wellness products through a network of 4,800 stores, in 48 different markets. It employs more than 12,000 people and, in recent years, has had annual revenues of almost $1.5 billion.

2. Despite its active pursuit of the global economy, GNC still embraces provincial notions of employee mistreatment in the workplace. GNC's corporate philosophy and culture embrace and enable a pattern and practice of discrimination against employees based on race, color, and national origin. Black and foreign-born employees at GNC are targeted for lower pay, menial work, limited responsibilities, harassment and humiliation, limited promotion opportunities, and wrongful discharge.

1

3. GNC has avoided a reckoning for its long-standing and continuing discriminatory behavior it retaliates against employees who tried to vindicate their rights under federal and state antidiscrimination law.

4. Plaintiffs, on behalf of themselves and a similarly situated GNC employees, seek injunctive and monetary damages from GNC for discrimination and violation of Title VII, including Section 1981 (Counts 1 and 3); retaliation in violation of Title VII, including Section 1981 (Counts 2 and 4); negligent supervision (Count 5); and wrongful discharge (Count 6).

**PARTIES**

*The Plaintiffs*

5. Kenroy Richmond is a black male of Caribbean origin who resides in New York. He formerly worked for GNC as a Store Manager, having been wrongfully terminated on December 11, 2006.

6. Marlon Hattimore is a black male of Caribbean descent who resides in New York. He formerly worked for GNC as a Store Manager, having been constructively discharged on April 22, 2006.

7. Prince Siaw is a black male of Ghanaian origin who resides in New York. He formerly worked for GNC as a Sales Associate, having been wrongfully terminated on April 20, 2006.

8. Samuel Warkie is a black male of Ghanaian origin who resides in New York. He presently works for GNC as a Sales Associate.

2

*The Defendants*

9. GNC maintains its principal place of business in Pennsylvania, but was incorporated in Delaware. It regularly conducts business in New York, owning and operating multiple stores throughout the state. GNC is an "employer" within the meaning of Title VII.

10. Neal Blitzer is a white male who resides in New York. He presently works for GNC as Regional Sales Director for the area including New York City. At all times relevant to this Complaint, Blitzer acted with the actual or apparent authority of GNC.

## JURISDICTION AND VENUE

11. The Court has jurisdiction because this action involves federal questions under Title VII. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same case and controversy as the federal claims.

12. Venue is proper in this Court because GNC and Plaintiffs may be found here and because a substantial part of the operative events giving rise to Plaintiff's individual claims occurred here.

## PROCEDURAL PREREQUISITES

13. Plaintiffs have exhausted their administrative remedies, and have each received a right to sue notice.

## FACTS

14. During his employment at GNC, Richmond was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further

3

discriminatory motives, denied promotions, denied salary increases, required to work longer hours for less pay than similarly situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

15. Richmond complained to his Regional Manager and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because he complained, GNC terminated Richmond.

16. During his employment at GNC, Hattimore was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further discriminatory motives, denied promotions, denied salary increases, required to work longer hours for less pay than similarly situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

17. Hattimore complained to several Regional Managers and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because the harassment became so severe and because GNC ignored his complaints, GNC constructively discharged Hattimore.

18. During his employment at GNC, Siaw was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further discriminatory motives, required to work longer hours for less pay than similarly

4

situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

19. Siaw complained to his Regional Manager and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because he complained, GNC terminated Siaw.

20. During his employment at GNC, Warkie was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further discriminatory motives, denied promotions, denied salary increases, demoted, required to work longer hours for less pay than similarly situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

21. Warkie complained to his Regional Manager and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because he complained, GNC has continued to deny Warkie promotions, salary increases, better earning opportunities, and greater job duties.

22. Defendant Blitzer actively incited, participated, and facilitated the discriminatory conduct that Plaintiffs experienced.

23. GNC was aware of Blitzer's discriminatory behavior because several Plaintiffs, on numerous occasions, had reported it to GNC's corporate offices.

5

24. GNC ignored Plaintiffs' complaints and left Blitzer in place to maintain and further GNC's pattern and practice of discrimination against Plaintiffs and other similarly situated employees.

25. Employees who are similarly situated to Plaintiffs have, are, and will suffer discrimination at GNC.

## COUNT 1
### (Harassment and Disparate Treatment Based on Race, Color, and National Origin in violation of Title VII)

26. The preceding paragraphs are incorporated by reference into this Count.

27. Defendants' acts and omissions were severe, pervasive, and constitute both harassment and disparate treatment based on race, color, and national origin against each Plaintiff in violation of federal, state, and county antidiscrimination law.

28. As a direct and proximate result of those acts and omissions, Plaintiffs suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 2
### (Retaliation in violation of Title VII)

29. The preceding paragraphs are incorporated by reference into this Count.

30. Numerous times during their employment, Plaintiffs complained to a Regional Manager and to GNC's corporate office about the discriminatory misconduct they suffered or witnessed based on race, color, or national origin.

31. Complaining proved futile because GNC's discriminatory business practices continued. This prompted Plaintiffs to separately file charges of discrimination with the EEOC.

32. As a direct consequence of their complaints and involvement of the EEOC, Defendants subjected Plaintiffs to greater and more severe discrimination. Defendants' acts and omissions constitute willful, intentional, and malicious retaliation for Plaintiffs' exercise of their right to report discrimination and vindicate their rights under Title VII.

33. As a direct and proximate result of Defendants' retaliatory acts and omissions, Plaintiffs' have suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 3
### (Harassment and Disparate Treatment Based on Race, Color, and National Origin in violation of Section 1981)

34. The preceding paragraphs are incorporated by reference into this Count.

35. Defendants' acts and omissions were severe, pervasive, and constitute both harassment and disparate treatment based on race, color, and national origin against each Plaintiff in violation of federal, state, and county antidiscrimination law.

36. As a direct and proximate result of those acts and omissions, Plaintiffs suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 4
### (Retaliation in violation of Section 1981)

37. The preceding paragraphs are incorporated by reference into this Count.

38. Numerous times during their employment, Plaintiffs complained to a Regional Manager or to GNC's corporate office about the discriminatory misconduct they suffered or witnessed based on race, color, or national origin.

39. Complaining proved futile because GNC's discriminatory business practices continued. This prompted Plaintiffs to separately file charges of discrimination with the EEOC.

40. As a direct consequence of their complaints and involvement of the EEOC, Defendants subjected Plaintiffs to greater and more severe discrimination. Defendants' acts and omissions constitute willful, intentional, and malicious retaliation for Plaintiffs' exercise of their right to report discrimination and vindicate their rights under Title VII.

41. As a direct and proximate result of Defendants' retaliatory acts and omissions, Plaintiffs' have suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 5
### (Negligent Supervision)

42. The preceding paragraphs are incorporated by reference into this Count.

43. Defendant Blitzer is an employee, agent, and representative of GNC. He acts on its behalf with its explicit and implicit authorization.

44. GNC has been aware of Blitzer's incitement of, participation in, and facilitation of discriminatory behavior against Plaintiffs and similarly situated employees.

45. GNC has taken no action to stop, correct, or otherwise modify Blitzer's discriminatory behavior because his behavior is consistent with GNC's corporate philosophy and

8

culture and pattern and practice of discrimination based on race, color, and national

origin.

46. GNC had a duty to prevent Blitzer from violating the rights of Plaintiffs and similarly

situated employees and breached that duty by failing to properly supervise Blitzer.

47. As a direct and proximate result of Defendants' negligent supervision of Blitzer, Plaintiffs

have suffered irreparable injuries, including, but not limited to, lost wages and benefits,

other economic losses, emotional pain and suffering, mental anguish, humiliation,

embarrassment, personal indignity, and other intangible injuries.

## COUNT 6
### (Wrongful Termination)

48. The preceding paragraphs are incorporated by reference into this Count.

49. Due to Defendants' discriminatory behavior as described earlier, Plaintiffs Richmond

and Siaw were terminated based on their race, color, and national origin and in violation

of federal and state antidiscrimination law.

50. Due to Defendants' discriminatory conduct as described above, Plaintiff Hattimore was

unable to return to the workplace and, consequently, Defendants constructively

discharged Hattimore in violation of federal and state antidiscrimination law.

51. As a direct and proximate result of Defendants' wrongful discharge, Plaintiffs Richmond,

Siaw, and Hattimore have suffered irreparable injuries, including, but not limited to, lost

wages and benefits, other economic losses, emotional pain and suffering, mental

anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## RELIEF REQUESTED

Based on the allegations in this Complaint, Plaintiffs request this Court:

9

a.  Enjoin Defendants from continuing the discriminatory practices alleged;

b.  Award Plaintiffs compensatory damages (including back- and front-pay) equal to the statutory limits for each Plaintiff and punitive damages to be determined at trial against each Defendant;

c.  Award Plaintiffs the costs of litigation and attorneys' fees; and

d.  Grant all other legal and equitable relief to which Plaintiffs are entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated:  New York, New York
        April 14, 2008

        Respectfully submitted,

By:     _____
        Daryl Davis (DD8473)
        daryl.davis@domandavis.com
        Doman Davis LLP
        245 Park Avenue, 39th Floor
        New York, New York 10167
        (646) 217-0973 (Telephone)
        (212) 208-2496 (Fax)
                -and-
        Latif Doman
        latif.doman@domandavis.com
        *(Pro Hac Vice Application to be filed)*
        Doman Davis LLP
        1001 Pennsylvania Avenue
        Washington, DC 20004
        (202) 742-6685 (Telephone)
        (202) 318-2390 (Fax)

**Attorneys for Plaintiffs**

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARLON HATTIMORE,

       Plaintiff,

   v.

GENERAL NUTRITION CORPORATION, NEIL
BLITZER (INDIVIDUAL AND IN OFFICIAL
CAPACITY),

       Defendants.

Case No.___Civ._____

---

## NOTICE OF REMOVAL

---

**McGuireWoods LLP**
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
(212) 548-2100
Attorneys for Defendant
General Nutrition Centers, Inc.

Michael J. DiMattia (MJD 0438)
Philip A. Goldstein (PAG 0908)
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
Attorneys for Defendants

'08 CIV 6865

RECEIVED

JUL 3 1 2008

U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MARLON HATTIMORE

          Plaintiff,

       v.

GENERAL NUTRITION CORPORATION, NEIL
BLITZER (INDIVIDUAL AND IN OFFICIAL
CAPACITY),

          Defendants.

------------------------------------------------------------ X

Case No. ___ Civ. 3041763/2008

**NOTICE OF REMOVAL**

08 JUL 31 PM 4: 35
COUNTY CLERK
BRONX COUNTY

RECEIVED

TO THE CLERK OF THE COURT:

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and

1446, General Nutrition Centers, Incorporated, erroneously named herein as General Nutrition

Corporation ("Defendant General Nutrition Centers"), by and through its attorneys, removes to

this Court the action described below:

      1.     Plaintiff has filed two separate lawsuits alleging discrimination based on his

former employment with Defendant General Nutrition Centers.  Plaintiff first filed a lawsuit in

federal court alleging federal claims of discrimination.  Plaintiff then filed suit in state court,

alleging state law claims virtually identical to those in the federal lawsuit.  Plaintiff's state

complaint mirrors the allegations made in his federal complaint.  Both lawsuits are based on the

same set of facts, include the same substantive allegations and will involve common questions of

law and fact.  This Court therefore has supplemental jurisdiction over Plaintiff's state law claims.

\6455152.1

2.     On or about June 6, 2008, Plaintiff Marlon Hattimore ("Plaintiff") filed a

summons and complaint in the Supreme Court of the State of New York, County of the Bronx,

Index No. 08-304763, entitled <u>Marlon Hattimore v. General Nutrition Corporation, Neil Blitzer</u>

<u>(Individual and in Official Capacity)</u>.  (Copies of the summons and complaint are attached hereto

as Exhibit A).  The summons and complaint were served on Defendant General Nutrition

Centers via certified mail on July 1, 2008.  (Exhibit A)

3.     Plaintiff Marlon Hattimore is a plaintiff in a lawsuit currently pending against

Defendant General Nutrition Centers in the United States District Court for the Southern District

of New York, no. 08-civ-3577, entitled, <u>Kenroy Richmond, Samuel Warkie, Prince R. Siaw and</u>

<u>Marlon Hattimore v. General Nutrition Centers Inc. and Neal Blitzer</u>.  (Copies of the summons

and complaint are attached hereto as Exhibit B). Plaintiff's federal action was filed on April 14,

2008, alleging employment discrimination claims based on Title VII of the Civil Rights Act of

1964, 42 U.S.C. 2000e *et seq*., The Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq*., and New

York state law. (Exhibit B, p. 6-9)  Plaintiff concedes that federal jurisdiction is proper in the

federal action pursuant to 28 U.S.C. § 1331. (Exhibit B, p. 3)

4.     Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending."

5.     Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

that are so related to claims in the action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution."

2

\6455152.1

6.    This Court has supplemental jurisdiction over the claims in Plaintiff's state action because those claims form part of the same case or controversy as Plaintiff's federal action. Plaintiff's state complaint alleges that plaintiff experienced "numerous instances of discrimination," and that Defendant General Nutrition Centers paid white employees more money than plaintiff. (Exhibit A, p. 3) Likewise, the federal complaint alleges "Black and foreign-born employees at GNC are targeted for lower pay, menial work, limited responsibilities, harassment and humiliation, limited promotion opportunities, and wrongful discharge." (Exhibit B, p. 1) Both actions allege violations of New York state anti-discrimination laws. (Exhibit A, p. 5-6, Exhibit B, p. 9) Therefore, Plaintiff's state and federal actions form part of the same case or controversy, and this Court has supplemental jurisdiction over plaintiff's state law claims.

7.    This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b), the Notice of Removal is to be filed within thirty days of receipt of the initial pleading setting forth the claim. Defendant General Nutrition Centers received the summons and complaint by certified mail on July 1, 2008. Therefore, removal is timely as Defendant General Nutrition Centers was served less than thirty days before the date of removal.

8.    Defendant General Nutrition Centers will cause notice of this removal to be filed with the Supreme Court of the State of New York, County of the Bronx. A copy of Defendant General Nutrition Centers' Notice of Notice of Removal to Federal Court is attached hereto as Exhibit C.

3

\6455152.1

Dated: New York, New York
   July 31, 2008

         McGUIREWOODS LLP

       By: _____
        Michael J. DiMattia (MJD 0438)
        Philip A. Goldstein (PAG 0908)
        McGuireWoods LLP
        1345 Avenue of the Americas, 7th Floor
        New York, New York 10105-0106
        (212) 548-2167
        Attorneys for Defendant General Nutrition
        Centers, Inc.

4

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF THE BRONX**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MARLON HATTIMORE                    :    Index No. 304763-08

           **Plaintiff**              :

        **- against -**              :    **SUMMONS**

GENERAL NUTRICTION CORPORATION,     :
NEIL BLITZER (INDIVIDUAL AND IN
OFFICIAL CAPACITY)                  :

           **Defendant.**         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

To the above named defendants:

    You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is the residence of plaintiff which is:

707 E. 187th Street
Apt. #12
Bronx, NY 10458

Dated:

Delmas A. Costin, Jr.
Attorney for Marlon Hattimore
208 E. 163rd Street
Bronx, NY 10451
(347) 326-8438

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARLON HATTIMORE

            Plaintiff

         - against -

GENERAL NUTRICTION CORPORATION,
NEIL BLITZER (INDIVIDUAL AND IN
OFFICIAL CAPACITY)

             Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.:

COMPLAINT

     MARLON HATTIMORE, by and through his counsel, DELMAS A. COSTIN, JR. as and for her complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for discrimination based on race and color, defamation, in violation of New York State Executive Law §296 and the common law. Defendants General Nutrition Corporation ("GNC") and Neil Blitzer (collectively "defendants") discriminated against their former employee Marlon Hattimore. Defendants subsequently defamed Mr. Hattimore by stating that was terminated and engaged illegal activity including theft of GNC property. Plaintiff, Mr. Hattimore was terminated by his employer GNC

## PARTIES

2. Plaintiff, Marlon Hattimore worked for GNC from June 2004 through April 2006, when he was removed from his employment duties by defendants. Plaintiff was promoted to manager in September 2005. Plaintiff currently resides in Bronx

County.

3. At all relevant times, plaintiff was an "employee" of GNC within the meaning of the New York State Human Rights Law. Plaintiff worked in GNC stores located in the New York State.

4. Plaintiff is a Black male.

5. Defendant GNC is a foreign business corporation engaged in the sale of nutritional supplements. Defendant has, and at all relevant times had, its principal place of business at 300 6th Avenue, Pittsburgh, PA 15222.

6. Defendant Neil Blitzer is, upon information and belief a male citizen currently residing in Dutchess County, New York. At all times relevant herein, Blitzer has been employed by GNC, more recently as its regional manager.

7. As plaintiff's supervisor during his employment at GNC, Blitzer had the power to make personnel decision regarding plaintiff's employment. Blitzer has also aided and abetted the unlawful conduct described herein.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over GNC because it is doing business in this jurisdiction.

9. This Court has personal jurisdiction over Blitzer because, upon information and belief, he is a New York citizen. .

10. This Court has subject matter jurisdiction over this action by virtue of New York Human Rights Law, N.Y. Executive Law §§290 et seq.

11. Venue is proper before this Court because plaintiff currently resides in Bronx County.

2

## FACTS

12. On June 24, 2004 plaintiff was hired to work in GNC as a sales associate in the New Rochelle GNC.

13. On May 29, 2005, Blitzer promoted plaintiff to work as a manager trainee in the Port Chester store.

14. Only one person worked in the Port Chester store with plaintiff. Shortly after plaintiff arrived in the Port Chester store, the other employee was terminated.

15. Plaintiff worked approximately 7 days a week for approximately 5 months shortly after arriving in the Port Chester Store.

16. On September 18, 2005, plaintiff was rewarded for his hard work by being promoted to Manager of the Port Chester store.

17. By April 2006, Will Batista had been hired by GNC, assigned to work at the Port Chester Store and authorized to open the Port Chester store.

18. During April 2006, Blitzer terminated plaintiff from GNC.

19. At that time Blitzer stated that plaintiff failed to open the Port Chester store, which was plaintiff's responsibility.

20. William Batista was assigned to open the Port Chester store on the day in question.

21. Defendant failed to pay plaintiff his wages earned including vacation pay.

22. Plaintiff experienced numerous instances of discrimination due to defendants' actions. By way of example, plaintiff endured the following unlawful employment practices:

23. White employees who plaintiff supervised made more money than plaintiff.

3

24. Plaintiff was repeatedly forced to terminate Black employees he hired to work in his store.

25. A white employee succeeded plaintiff. That employee was not able to match the financial success of plaintiff.

26. Blitzer made racist and derogatory comments in front of other GNC managers.

27. Plaintiff was told by a Regional Sales Director named Jennifer, that he would be rehired, but that she needed to confer with Blitzer.

28. Upon information and belief, Jennifer spoke with Blitzer and failed to return plaintiff's telephone calls or offer him a position with GNC.

### Defamation

29. Defendants defamed plaintiff's character by stating in a letter dated June 21, 2007 addressed to EEOC, that "In April 2006, Mr. Hattimore was scheduled for an opening shift yet failed to pen the store on time. In fact, the store opening approximately 2 hours late. According to GNC's disciplinary guidelines, the late opening of the store resulted in immediate termination. Rather than being discharged, Mr. Hattimore instead resigned his position effective immediately."

30. Plaintiff states that the above statement defames his character.

31. Upon information and belief defendant Blitzer told GNC employees that plaintiff had robbed the Port Chester store and that over $4,000.00 worth of merchandise was missing.

32. Upon information and belief, defendant Blitzer told GNC employees that Hattimore was terminated for opening up the Port Chester store.

33. Upon information and belief, defendant Blitzer told GNC employees that plaintiff

4

was consistently late.

### Emotional Distress

34. As a result of defendants' unlawful discrimination, plaintiff suffered severe mental anguish, emotional distress and loss of enjoyment of life and has incurred damages thereby.

35. This complaint is timely filed within 3 years of the actions alleged in this complaint.

### FIRST CAUSE OF ACTION – DISCRIMINATION BASED ON RACE DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. Defendants' actions violate NYSHRL, Exec. Law §296(1).

38. Defendants' disparate treatment of plaintiff including denial of benefits on the basis of his race was in violation of the New York State Human Rights Law.

39. As a result of the foregoing, Plaintiff has lost wages, been denied benefits, has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

40. As a further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to her good name and reputation by defendants.

41. As a further proximate result of defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

5

## SECOND CAUSE OF ACTION – DISCRIMINATION BASED ON COLOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

43. Defendants' actions violate NYSHRL, Exec. Law §296(1).

44. Defendants' disparate treatment of plaintiff including denial of benefits on the basis of his color was in violation of the New York State Human Rights Law.

45. As a result of the foregoing, Plaintiff has lost wages, been denied benefits, has suffered mental anguish, emotional distress and loss of enjoyment of life; and has incurred damages thereby.

46. As a further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to her good name and reputation by defendants.

47. As a further proximate result of defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

### THIRD CAUSE OF ACTION – FAILURE TO PAY WAGES

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

49. Defendant failed to pay plaintiff wages earned up to the point of termination including vacation pay.

50. Defendant's willful failure and refusal to pay plaintiff's wages, bonus, and/or benefits due and owing to plaintiff is a violation of the New York Labor Law.

51. As a result of the foregoing, plaintiff has been denied wages, benefits, and bonuses, and has incurred damages thereby.

## FOURTH CAUSE OF ACTION – DEFAMATION

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

53. As a result of the foregoing conduct, plaintiff has suffered and will continue to suffer severe mental anguish and pain, including loss of self-esteem, personal dignity and career fulfillment; plaintiff has also experienced physical distress which originated from the aforesaid mental suffering. Plaintiff has confronted great inconvenience, indignity and risk, including but not limited to a loss of his livelihood, and a loss of his ability to meet various financial obligations. Thus, plaintiff was inhibited and prevented from enjoying life, and was forced to undergo emotion injury which he will continue to experience in the future.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff hereby requests and realleges each allegation contained in paragraphs 1 through 69, as if fully set forth herein.

55. Defendants repeatedly denied her requests for continued payment of her medical insurance, talked about her medical situation in public, and laughed at her when she attempted to secure medical benefits.

7

56. As a result of the foregoing egregious conduct, Plaintiff has suffered severe emotional distress and has incurred damages thereby.

## SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff hereby requests and realleges each allegation contained in paragraphs 1 through 72, as if fully set forth herein.

58. As a result of the foregoing egregious conduct, Plaintiff has suffered severe emotional distress and has incurred damages thereby.

## SEVENTH CAUSE OF ACTION
## PRIMA FACIE TORT

59. Plaintiff hereby alleges each allegation contained in paragraphs 1 through 74, as if fully set forth herein.

60. As a result of the foregoing malevolent conduct Plaintiff has suffered harm, and has incurred actual and special damages thereby.

WHEREFORE, Ms. Marlon Hattimore demands judgment against defendants GNC and Blitzer, as follows:

A. An award to plaintiff of his actual damages in an amount to be determined at trial for loss of wages, benefits and promotional opportunities, including an award of front pay compensation plaintiff for loss of future salary and benefits;

B. Declare defendants' conduct complained of herein to be in violation of plaintiff's rights as secured by N.Y. Exec. Law §290 et seq. and the common

8

law;

C. An award of damages in an amount not less than $1,000,000.00 to compensate plaintiff for physical injury, mental anguish, humiliation, embarrassment and emotional injury;

D. An award of special damages in an amount not less than $1,000,000.00 for loss of compensation and financial harm;

E. An award of punitive damages;

F. An award to plaintiff of his actual damages in an amount not less than $1,000,000.00 for lost wages, benefits and other remuneration;

G. An award of liquidated damages in the amount of twenty-five percent of the total amount due;

H. An order enjoining defendant from further publication of the defamatory statements;

I. The costs of the action and reasonable attorney's fees to the fullest extent permitted by law;

J. Such other and further relief as this Court may deem just and proper.

Date: June 3 2008
Bronx, NY

Delmas A. Costin, Jr.
Attorney for Marlon Hattimore
208 E. 163rd Street
Bronx, NY 10451
(347) 326-3848

9

STATE OF NEW YORK

COUNTY OF THE BRONX


Marlon M. Hattimore, being duly sworn, states that he is the plaintiff in this action and that the foregoing complaint is true to his own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters he believes to be true.


Marlon M. Hattimore

Sworn to before me this

3 day of June, 2008.

NIK UJKAJ
NOTARY PUBLIC, State of New York
No. 01UJ6021096
Qualified in Westchester County
Commission Expires 3/8/11

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

MARLON HATTIMORE,
                    Plaintiff

– against –

GENERAL NUTRITION CORPORATION, NEIL BLITZER (INDIVIDUAL AND IN
OFFICIAL CAPACITY)
                                        Defendants.

SUMMONS AND VERIFIED COMPLAINT

THE LAW OFFICE OF DELMAS A. COSTIN, JR.
*Attorney for Marlon Hattimore*
208 E. 163rd Street
Bronx, NY 10451
(347) 326-8438

# EXHIBIT B

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

KENROY RICHMOND, SAMUEL WARKIE,
PRINCE R. SIAW AND MARLON HATTIMORE

**SUMMONS IN A CIVIL ACTION**

V.

GENERAL NUTRITION CENTERS INC. AND
NEAL BLITZER

CASE NUMBER:

## 08 CIV. 3577

**TO:** (Name and address of Defendant)

GENERAL NUTRITION CENTERS INC. & NEAL BLITZER
300 Sixth Avenue
Pittsburgh, PA 15222

**JUDGE SWAIN**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

DARYL DAVIS
DOMAN DAVIS LLP
245 Park Avenue, 24th Floor
New York, NY 10167

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

APR 1 4 2008

CLERK                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                          Date                              Signature of Server

                                        _____
                                                    Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



KENROY RICHMOND, SAMUEL WARKIE, )
PRINCE R. SIAW AND MARLON )
HATTIMORE )
               Plaintiffs, )
)
)
      v. )
)
)
GENERAL NUTRITION CENTERS INC. )
AND NEAL BLITZER )
            Defendants. )
)
)

08 Civ.

**COMPLAINT**

**(Jury Trial Demanded)**

Plaintiffs allege, through their attorneys at Doman Davis LLP, that:

**NATURE OF THE ACTION**

1. General Nutrition Centers Inc. ("GNC") is the world's largest specialty retailer of nutritional, dietary, and performance supplements. It sells wellness products through a network of 4,800 stores, in 48 different markets. It employs more than 12,000 people and, in recent years, has had annual revenues of almost $1.5 billion.

2. Despite its active pursuit of the global economy, GNC still embraces provincial notions of employee mistreatment in the workplace. GNC's corporate philosophy and culture embrace and enable a pattern and practice of discrimination against employees based on race, color, and national origin. Black and foreign-born employees at GNC are targeted for lower pay, menial work, limited responsibilities, harassment and humiliation, limited promotion opportunities, and wrongful discharge.

1

3.  GNC has avoided a reckoning for its long-standing and continuing discriminatory behavior it retaliates against employees who tried to vindicate their rights under federal and state antidiscrimination law.

4.  Plaintiffs, on behalf of themselves and a similarly situated GNC employees, seek injunctive and monetary damages from GNC for discrimination and violation of Title VII, including Section 1981 (Counts 1 and 3); retaliation in violation of Title VII, including Section 1981 (Counts 2 and 4); negligent supervision (Count 5); and wrongful discharge (Count 6).

**PARTIES**

*The Plaintiffs*

5.  Kenroy Richmond is a black male of Caribbean origin who resides in New York. He formerly worked for GNC as a Store Manager, having been wrongfully terminated on December 11, 2006.

6.  Marlon Hattimore is a black male of Caribbean descent who resides in New York. He formerly worked for GNC as a Store Manager, having been constructively discharged on April 22, 2006.

7.  Prince Siaw is a black male of Ghanaian origin who resides in New York. He formerly worked for GNC as a Sales Associate, having been wrongfully terminated on April 20, 2006.

8.  Samuel Warkie is a black male of Ghanaian origin who resides in New York. He presently works for GNC as a Sales Associate.

2

*The Defendants*

9. GNC maintains its principal place of business in Pennsylvania, but was incorporated in Delaware. It regularly conducts business in New York, owning and operating multiple stores throughout the state. GNC is an "employer" within the meaning of Title VII.

10. Neal Blitzer is a white male who resides in New York. He presently works for GNC as Regional Sales Director for the area including New York City. At all times relevant to this Complaint, Blitzer acted with the actual or apparent authority of GNC.

## JURISDICTION AND VENUE

11. The Court has jurisdiction because this action involves federal questions under Title VII. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same case and controversy as the federal claims.

12. Venue is proper in this Court because GNC and Plaintiffs may be found here and because a substantial part of the operative events giving rise to Plaintiff's individual claims occurred here.

## PROCEDURAL PREREQUISITES

13. Plaintiffs have exhausted their administrative remedies, and have each received a right to sue notice.

## FACTS

14. During his employment at GNC, Richmond was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further

3

discriminatory motives, denied promotions, denied salary increases, required to work longer hours for less pay than similarly situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

15. Richmond complained to his Regional Manager and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because he complained, GNC terminated Richmond.

16. During his employment at GNC, Hattimore was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further discriminatory motives, denied promotions, denied salary increases, required to work longer hours for less pay than similarly situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

17. Hattimore complained to several Regional Managers and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because the harassment became so severe and because GNC ignored his complaints, GNC constructively discharged Hattimore.

18. During his employment at GNC, Siaw was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further discriminatory motives, required to work longer hours for less pay than similarly

4

situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

19. Siaw complained to his Regional Manager and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because he complained, GNC terminated Siaw.

20. During his employment at GNC, Warkie was regularly subjected to racial and ethnic slurs, witness to other employees being subjected to racial and ethnic slurs, directed to violate antidiscrimination law and falsify internal corporate documents to further discriminatory motives, denied promotions, denied salary increases, demoted, required to work longer hours for less pay than similarly situated white employees, assigned to low performing stores to limit his earning potential, and subjected to intense workplace surveillance.

21. Warkie complained to his Regional Manager and to the GNC corporate office about the discrimination he witnessed and to which he was subjected. Because he complained, GNC has continued to deny Warkie promotions, salary increases, better earning opportunities, and greater job duties.

22. Defendant Blitzer actively incited, participated, and facilitated the discriminatory conduct that Plaintiffs experienced.

23. GNC was aware of Blitzer's discriminatory behavior because several Plaintiffs, on numerous occasions, had reported it to GNC's corporate offices.

24. GNC ignored Plaintiffs' complaints and left Blitzer in place to maintain and further GNC's

pattern and practice of discrimination against Plaintiffs and other similarly situated

employees.

25. Employees who are similarly situated to Plaintiffs have, are, and will suffer

discrimination at GNC.

## COUNT 1
### (Harassment and Disparate Treatment Based on Race, Color, and National Origin in violation of Title VII)

26. The preceding paragraphs are incorporated by reference into this Count.

27. Defendants' acts and omissions were severe, pervasive, and constitute both harassment

and disparate treatment based on race, color, and national origin against each Plaintiff

in violation of federal, state, and county antidiscrimination law.

28. As a direct and proximate result of those acts and omissions, Plaintiffs suffered

irreparable injuries, including, but not limited to, lost wages and benefits, other

economic losses, emotional pain and suffering, mental anguish, humiliation,

embarrassment, personal indignity, and other intangible injuries.

## COUNT 2
### (Retaliation in violation of Title VII)

29. The preceding paragraphs are incorporated by reference into this Count.

30. Numerous times during their employment, Plaintiffs complained to a Regional Manager

and to GNC's corporate office about the discriminatory misconduct they suffered or

witnessed based on race, color, or national origin.

31. Complaining proved futile because GNC's discriminatory business practices continued.

This prompted Plaintiffs to separately file charges of discrimination with the EEOC.

32. As a direct consequence of their complaints and involvement of the EEOC, Defendants subjected Plaintiffs to greater and more severe discrimination. Defendants' acts and omissions constitute willful, intentional, and malicious retaliation for Plaintiffs' exercise of their right to report discrimination and vindicate their rights under Title VII.

33. As a direct and proximate result of Defendants' retaliatory acts and omissions, Plaintiffs' have suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 3
### (Harassment and Disparate Treatment Based on Race, Color, and National Origin in violation of Section 1981)

34. The preceding paragraphs are incorporated by reference into this Count.

35. Defendants' acts and omissions were severe, pervasive, and constitute both harassment and disparate treatment based on race, color, and national origin against each Plaintiff in violation of federal, state, and county antidiscrimination law.

36. As a direct and proximate result of those acts and omissions, Plaintiffs suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 4
### (Retaliation in violation of Section 1981)

37. The preceding paragraphs are incorporated by reference into this Count.

38. Numerous times during their employment, Plaintiffs complained to a Regional Manager or to GNC's corporate office about the discriminatory misconduct they suffered or witnessed based on race, color, or national origin.

39. Complaining proved futile because GNC's discriminatory business practices continued. This prompted Plaintiffs to separately file charges of discrimination with the EEOC.

40. As a direct consequence of their complaints and involvement of the EEOC, Defendants subjected Plaintiffs to greater and more severe discrimination. Defendants' acts and omissions constitute willful, intentional, and malicious retaliation for Plaintiffs' exercise of their right to report discrimination and vindicate their rights under Title VII.

41. As a direct and proximate result of Defendants' retaliatory acts and omissions, Plaintiffs' have suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

## COUNT 5
### (Negligent Supervision)

42. The preceding paragraphs are incorporated by reference into this Count.

43. Defendant Blitzer is an employee, agent, and representative of GNC. He acts on its behalf with its explicit and implicit authorization.

44. GNC has been aware of Blitzer's incitement of, participation in, and facilitation of discriminatory behavior against Plaintiffs and similarly situated employees.

45. GNC has taken no action to stop, correct, or otherwise modify Blitzer's discriminatory behavior because his behavior is consistent with GNC's corporate philosophy and

culture and pattern and practice of discrimination based on race, color, and national origin.

46. GNC had a duty to prevent Blitzer from violating the rights of Plaintiffs and similarly situated employees and breached that duty by failing to properly supervise Blitzer.

47. As a direct and proximate result of Defendants' negligent supervision of Blitzer, Plaintiffs have suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

### COUNT 6
### (Wrongful Termination)

48. The preceding paragraphs are incorporated by reference into this Count.

49. Due to Defendants' discriminatory behavior as described earlier, Plaintiffs Richmond and Siaw were terminated based on their race, color, and national origin and in violation of federal and state antidiscrimination law.

50. Due to Defendants' discriminatory conduct as described above, Plaintiff Hattimore was unable to return to the workplace and, consequently, Defendants constructively discharged Hattimore in violation of federal and state antidiscrimination law.

51. As a direct and proximate result of Defendants' wrongful discharge, Plaintiffs Richmond, Siaw, and Hattimore have suffered irreparable injuries, including, but not limited to, lost wages and benefits, other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries.

### RELIEF REQUESTED

Based on the allegations in this Complaint, Plaintiffs request this Court:

a.   Enjoin Defendants from continuing the discriminatory practices alleged;

b.   Award Plaintiffs compensatory damages (including back- and front-pay) equal to the statutory limits for each Plaintiff and punitive damages to be determined at trial against each Defendant;

c.   Award Plaintiffs the costs of litigation and attorneys' fees; and

d.   Grant all other legal and equitable relief to which Plaintiffs are entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: New York, New York
April 14, 2008

Respectfully submitted,

By: _____

Daryl Davis (DD8473)
daryl.davis@domandavis.com
Doman Davis LLP
245 Park Avenue, 39th Floor
New York, New York 10167
(646) 217-0973 (Telephone)
(212) 208-2496 (Fax)
        -and-
Latif Doman
latif.doman@domandavis.com
*(Pro Hac Vice Application to be filed)*
Doman Davis LLP
1001 Pennsylvania Avenue
Washington, DC 20004
(202) 742-6685 (Telephone)
(202) 318-2390 (Fax)

Attorneys for Plaintiffs

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARLON HATTIMORE,                                    Case No.____Civ._____

              Plaintiff,

      v.

GENERAL NUTRITION CORPORATION, NEIL
BLITZER (INDIVIDUAL AND IN OFFICIAL
CAPACITY),

            Defendants.

---

## NOTICE OF REMOVAL

---

**MCGUIREWOODS LLP**
1345 Avenue of the Americas, 7th Floor
New York, NY 10105-0106
(212) 548-2100
Attorneys for Defendant
General Nutrition Centers, Inc.